IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN GUY TYGER, individually and as independent executrix of the Estate of Vernon Howard Tyger, III, deceased, | § § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 4:17-cv-2154 |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § § § | |
| Defendant. | | |

## NOTICE OF REMOVAL

Defendant The Prudential Insurance Company of America ("Prudential"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in Probate Court No. 4 of Harris County, Texas, Case No. 454822-401. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1.      On June 9, 2017, Plaintiff Lynn Guy Tyger ("Plaintiff") commenced a civil action against Prudential by filing a petition in Probate Court No. 4 of Harris County, Texas. The lawsuit is recorded on that court's docket as Case No. 454822-401. There are no other parties named in Plaintiff's petition.

2.      Prudential was served by certified mail to its registered agent on June 14, 2017. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's petition, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibits A and C. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

39735563v.3

3. Plaintiff's spouse died on January 13, 2017. (Compl. ¶ 13.) In her petition, Plaintiff alleges that her spouse was covered under a life insurance policy insured by Prudential. (Compl. ¶ 9.) Plaintiff seeks life insurance benefits under the group insurance policy issued by Prudential to the AICPA Insurance Trust ("the Policy").

4. The gravamen of Plaintiff's complaint is that she is entitled to proceeds under the Policy upon her spouse's death, but that Prudential has failed to pay the benefit owed to her. (*See generally* Ex. A).

5. The benefit amount in question under the Policy is $1,000,000.00. (Compl. ¶ 10.) Plaintiff asserts a state law claim asking the Court to order Prudential to interplead the life insurance benefit into the registry of the Court. (*See* Ex. A.) Plaintiff argues that the Court can then determine if the life insurance benefit is an asset of her spouse's estate or whether Plaintiff should be paid the benefit. (*Id.*) Plaintiff seeks benefits under the Policy as well as attorney's fees. (*Id.*)

**This Case Is Removable Based Upon Diversity Jurisdiction**

6. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

7. In this case, both the "diversity" and "amount in controversy" requirements are met.

The Parties Are Diverse

8. As reflected in Plaintiff's Complaint, Plaintiff and Prudential are residents of different states. (Compl. ¶ 7.)

9. Plaintiff is a resident and a citizen of the State of Texas. (Compl. ¶ 3.)

10.     Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title...a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c).

11.     Prudential is incorporated under the laws of the State of New Jersey, and its principal place of business is located in Newark, New Jersey. Prudential is not a citizen of the State of Texas. *See* 28 U.S.C. § 1332(c)(1).

12.     Thus, Plaintiff and Prudential are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

### The Amount In Controversy Exceeds $75,000

13.     Plaintiff does not request a specific amount of damages in her Complaint but states that the life insurance benefit she seeks under the Policy is worth $1,000,000.00. (Compl. ¶ 10.)

14.     Here, given that the life insurance benefit at issue is $1,000,000, the amount in controversy is at least $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(c).

15.     Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a), (c).

16.     This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

### **Venue And Notice**

17.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 124(b)(2), this District embraces Probate Court No. 4 of Harris County, Texas, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

3

18.     Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with Probate Court No. 4 of Harris County, Texas, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit B.

**Conclusion**

19.     Based on the foregoing, this Court has original jurisdiction over this action because this action arises under federal law under 28 U.S.C. § 1331 and based on the diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

20.     Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

21.     Pursuant to Local Rule 81, the following documents have been attached to this Notice of Removal:

    a. All executed process and Plaintiff's Original Petition (Exhibit "A");

    b. Notice of Filing Notice of Removal (Exhibit "B");

    c. Service of Process (Exhibit "C");

    d. No orders have been entered by the state court;

    e. A list of counsel of record (Exhibit "D");

    f. An index of matters being filed (Exhibit "E");

    g. State Court docket sheet (Exhibit "F"); and

    h.  Defendant Prudential's state court Answer (Exhibit "G").

WHEREFORE, The Prudential Insurance Company of America requests that the above-described action pending against them be removed to this Court. The Prudential Insurance Company of America also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: July 13, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Esteban Shardonofsky*
Esteban Shardonofsky
Texas Bar No. 24051323
Federal ID No. 615928
sshardonofsky@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone: (713) 225-2300
Facsimile:  (713) 225-2340

**ATTORNEY FOR DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was served on all counsel of record, as listed below, via certified mail return receipt requested on the 13th day of July, 2017.

Maurice Bresenhan, Jr., Esq.
Pascal Paul Piazza
Zukowski, Bresenhan & Piazza, L.L.P.
1177 West Loop South, Suite 1100
Houston, Texas  77098

*/s/ Esteban Shardonofsky*
Esteban Shardonofsky

39735563v.3