# EXHIBIT A

39853141v.1

Probate Court No. 4

AA

FILED
[illegible date] 9:13 PM
Stan Stanart
County Clerk
Harris County
Harris County - County Probate Court No. 1

454822-401

No. 454,822

| | | |
|---|---|---|
| In the Matter of the Estate of | § § | In the Probate Court |
| Vernon Howard Tyger, III, | § § | Number Four (4) |
| Deceased | § | Harris County, Texas |

**Plaintiff's Original Petition**          1 per by PP

Plaintiff Lynn Guy Tyger, Independent Executrix of the Estate of Vernon Tyger, III, Deceased (the "Executrix"), and Lynn Guy Tyger, individually, ("Lynn") hereby sue Defendant The Prudential Insurance Company of America ("Prudential") as follows:

### 1. Rule 47 Declaration and Discovery Level

1. Pursuant to TEX. R. CIV. P. 47, the Executrix and Lynn, alternatively, each seeks monetary relief over $1,000,000.

2. The Executrix and Lynn intend to conduct discovery under Discovery Level Two (2) under TEX. R. CIV. P. 190.3.

### 2. Parties/Notice to Defendants

3. Lynn is the Executrix. She is an individual that resides in Harris County, Texas. She is the current administrator of the pending and open Estate of Vernon Tyger, III, Deceased (the "Estate").

4. Prudential (# 68800) is a foreign life, health and accident insurance company licensed by the Texas Department of Insurance ("TDI"). Prudential may be served by serving a true and correct copy of this petition and the citation on its registered agent according to the official records of the TDI, C. T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

### 3. Jurisdiction and Venue

5.  The Executrix and Lynn, alternatively, each seeks relief within the jurisdictional limits of this Court. These claims are within the Court's respective original, ancillary or supplemental probate jurisdiction.

6.  All parties are apparently residents of Texas. This Court has personal jurisdiction over the parties.

7.  Venue is proper in Harris County, Texas, where the Estate remains open and pending, where the Executrix and Lynn reside and are domiciled (and Prudential is not), and where a substantial part of the events or omissions giving rise to the claims below occurred. The Executrix and Lynn each rely upon the venue facts below.

### 4. Background Facts

#### A.

9.  Effective around November 1, 2009, in Harris County, Texas, Vernon Tyger, III acquired a life insurance policy from Prudential (Certificate # 0004977790/Account # 9047457-90)(the "Policy"). He was married to Lynn in Harris County, Texas.

10. The Policy has a $1,000,000 benefit. The only condition to payment of this benefit under the Policy was a two-year clause which precluded payment of any benefit under the Policy if Vernon Tyger passed under specified circumstances on or before October 31, 2011.

11. Lynn is the named primary beneficiary. Carol Tyger and Paul Tyger are the named contingent beneficiaries.

12. The Policy provides that the benefit under the Policy passes to the Estate if the named primary and contingent beneficiaries cannot receive the benefit.

2

B.

13. In Harris County, Texas, Vernon Tyger, III passed on January 13, 2017 survived by Lynn in Harris County, Texas who was appointed to be the Executrix of the Estate when his will was probated in this Court in Harris County, Texas. He passed after October 31, 2011 (or after the end of the two-year clause). To date, however, the Harris County Medical Examiner has not determined the cause of death.

14. Because he passed after the end of the two-year clause, there were no express conditions to payment of the benefit under the Policy. Prudential owes the benefit under the Policy.

C.

15. In Harris County, Texas, Lynn made a claim to Prudential under the Policy.

16. Even though there were no stated conditions to payment of the benefit under the Policy, Prudential has refused, and continues to refuse to pay the benefit under the Policy in Harris County, Texas. Rather, Prudential has adopted the position that there are no primary or contingent beneficiaries under the Policy.

17. In Harris County, Texas, Lynn disputed Prudential's failure to pay her the benefit under the Policy. At the same time and subject to Lynn's claims, in Harris County, Texas, the Executrix decided to make demand upon Prudential because in the unlikely event that Prudential was correct, then Prudential nonetheless owes the benefit under the Policy to the Estate in Harris County, Texas to be administered by the Executrix in Harris County, Texas.

3

18. In Harris County, Texas, Lynn and the Executrix, therefore, had to retain the undersigned attorneys who sent written demand to Prudential to pay the benefit under the Policy or, alternatively, to interplead the benefit under the Policy into the registry of the Court.

19. Prudential rejected this reasonable demand compelling Lynn and the Executrix to file this lawsuit.

20. All conditions precedent to the claims and relief below have occurred or have been performed.

### 5. Claims for Relief

#### A.

21. Lynn and the Executrix each incorporates ¶¶ 1-20.

22. Lynn and the Executrix ask the Court to order Prudential to interplead the benefit under the Policy into the registry of the Court. The Court can determine the cause of death, whether Prudential is correct such that the benefit is an asset of the Estate, or whether Lynn is correct and should be paid the benefit under the Policy.

23. The Executrix sues Prudential for recovery of the benefit under the Policy if the Court finds that there are no beneficiaries under the Policy.

23. Alternatively, Lynn sues Prudential for recovery of the benefit under the Policy if the Court finds that Lynn is the primary beneficiary under the Policy.

#### B.

24. Lynn and the Executrix each incorporates ¶¶ 1-23.

25. Lynn and the Executrix each, alternatively, sues RBF to recover attorney's fees, pre-judgment interest and post-judgment interest.

4

### 6. Request for Disclosures

26.     Pursuant to TEX. R. CIV. P. 194, Prudential is requested to disclose, within fifty (50) days after the service of this petition on Prudential, the information and material described in Rule 194.2(A), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l).

The Executrix and Lynn each prays that Prudential be cited to appear and answer and thereafter that the Court grant judgment as requested against Prudential for the above requested relief, damages, attorney's fees and interest and all available whole, partial, general, specific, legal, equitable, statutory or other relief.

Respectfully submitted,

Zukowski, Bresenhan & Piazza, L.L.P.

*/s/ Maurice Bresenhan, Jr.*
Maurice Bresenhan, Jr.
State Bar No. 02959000
mbresenhan@zbplaw.com
Pascal Paul Piazza
State Bar No. 15966850
ppp@zbplaw.com
1177 West Loop South, Suite 1100
Houston, Texas 77098
(713) 965-9969/(713) 963-9169 (Fax)